By the Court,

Cowen, J.
Upon this bill, it is impossible that we should notice the offers of evidence by the defendant, because no exceptions to the ruling of the court below in respect to these are taken. The formal conclusion and seal do not help the case. To warrant a writ of error upon matters proper for a bill, the exception must not be left to implication. It must be express and direct to the very point in question; not that the exception must be repeated, point by point. The exceptions may all be grouped in a single sentence; but they must, at least, be mentioned as exceptions taken at the proper time, and plainly applied by the bill to the points raised and sought to be examined on error. For the purposes of a case, objections or offers alone will do. For the purposes of error, these must be followed by an exception. It is said in Graham's Practice. 326, 2d ei., that in one case, May term, 1831, MS. this court seeing various objections properly-raised in a sealed bill though no exception was taken expressly, said they would look into the case on the presumption that exceptions had been taken. I can not learn, however, that the practice has been repeated; and I understand the contrary has been often held. The revised statutes required an exception in writing at the trial, unless it be to the charge. In the latter case, it must be'made in writing before the rendition of the verdict (2 R. S. 342, 2d ed. § 74, 75). The very word “ except ” in some of its forms, will alone satisfy the statute. Without it, the point raised must begin and end in the forum, where it originated. It follows here, that all matters offered by way of defence and rejected by the court below, must be laid out of view.
Looking to the proper office of a bill of exceptions, we are equally bound to disregard all the evidence given in behalf of the defendant, unless it appear to have been improperly disregarded by the court in putting the cause to the jury. A bill of exceptions never opens the cause to an inquiry upon the weight and sufficiency of evidence properly placed before the jury. Here the counsel requested that the matter in evidence should be submitted in connection with certain propositions of law. One was, that in order to sustain an action of trepass for treble damages, the entry or detainer must be with actual personal violence, or such circumstances of force, or threats, or menaces, as were calculated to excite terror—that the plaintiff must have yielded to actual force, or the fear of it. The refusal of the court to do this was expressly excepted to, and therefore forms the proper subject of inquiry. The facts, however, were not at this stage of the cause materially variant from what they were when the defendant moved for a nonsuit, on the ground that there was no evidence to show a forcible entry or detainer within the statute. The ruling of the court on that motion was also excepted to; and both together do fully raise the question whether trespass was sustainable in this form. That is the only question of any serious difficulty which we can notice upon the bill; for I think the other decision excepted to, denying that a proceeding criminally before a magistrate, pursuant to 2 R. S. 418, 2d ed., was essential as preliminary to an action, may be considered as long since disposed of by authority. That statute gives the more ordinary proceeding by indictment and conviction before a magistrate and jury. The act giving treble damages comes down to us from the statute of 8 H. 6, c. 9, of which it is nearly a transcript. It is mentioned by Littleton, and by Coke in his commentary (Co. Litt. 257, a.
*149 6); and the rule there laid down does not substantially vary from what was held here by the court of common pleas. A previous conviction on the criminal side is not alluded to by Lord Coke, as having any connection with the civil action. But looking at this commentary, in connection with the notes of the editor, we may easily collect that the proof in each proceeding must be the same in respect to the amount of force which is [261] to distinguish it from an ordinary trespass.
Another objection on the motion to nonsuit was, that the plaintiff had not shown a sufficient interest. The answer is, that the plaintiff was shown to have been in possession of the whole farm for a number of years, and was in actual possession of a part of the premises from which she was amoved by the defendant. Her possession was prima facie evidence of a freehold (The People v. Van Nostrand, 9 Wendell, 50), and there was nothing in evidence, or offered in evidence, which we can notice, to countervail its force. It has recently been adjudged, that to entitle the plaintiff to a remedy under the statute (8 H. 6, c. 9), the plaintiff must have a freehold (Cole v. Eagle, 8 Barn. & Cress. 409). And if the defendant make title, he shall be dismissed without any inquiry as to the force, however punishable he may be for it at the king’s suit (Vide 1 Hawk. P. C. by Curwood, 504, B. 1, c. 28, § 38; Dalt. Country Just. 424, ch. 126). But this by tlie by. Here was plainly, when we come to the defendant’s evidence, no freehold on the side of the plaintiff; but the point is not tangible for want of a proper exception.
The whole case, as it stands on this bill, comes down to the question, was there sufficient evidence to go to the jury, and were the court warranted in refusing to charge that personal force or terror was a necessary ingredient? or were they .warranted in charging the jury that they might find a statute trespass upon the evidence in the case? The court simply submitted to the jury whether there was sufficient evidence to show a forcible entry and detainer, and stated the strongest points of proof—the removal of the corn house, breaking of the lock, locking of the gate, to shut out the plaintiff’s cattle, and forbidding her entrance with cattle. The kind and amount of force necessary, is treated as the same both on the criminal and civil side, and is handsomely summed up by Toml. Law Dict. Forcible Entry, I. thus: “ A forcible entry is only such an entry as is made with a strong hand, with unusual weapons, an unusual number of servants or attend- [262] ants, or with menace of life or limb; for an entry which only amounts in law to a trespass, is not within the statutes. But an entry may be forcible, not only in respect of a violence usually done to the person of a man, but also in respect to any other kind of violence in the manner of the entry, as by breaking open the doors of a house, whether any person be in it at the time or not; especially if it be a dwelling house, and though a man enter peaceably yet if he turn the party out of possession by force, or frighten him out of possession by personal threats or violence, this also amounts to a forcible entry; but not if he merely threaten to spoil the party’s goods, or destroy his cattle, or do any injury which is not of a personal nature.” The same general view is taken by the American cases (Commonwealth v. Dudley, 10 Mass. R. 409; Pennsylvania v. Robinson, Addis. 14, 17; Burt ads. State, 2 Const. R. S. C. 489; The People v. Rickert, 8 Cowen, 232). The result seems to be that there must be something of personal violence or a tendency to, or threat of personal violence, unless the entry or detainer be riotous. In all cases, there must be something beyond a mere trespass upon the pro' perty. The least is force done by breaking the door of a house, especially a dwelling house, to which, probably, the court below assimilated in their own minds, the defendant’s breaking the lock of the plaintiff’s granary, and putting his own goods in the granary. The jury might also have said from the testimony, that the lock was forced by him in the night time. Here *150 was the breaking of the door of an out house in the actual possession of the plaintiff by forcing the lock, with which the witness said- it was secured. And I think it only remains to inquire, whether that be a forcible entry within the statute. All the other acts of the defendant seem to have come short of it.
When the books say that an entry with violence into a house comes within the statute, they frequently go back to Rex v. Bathurst, cited in various places in Burrow's R. (See 3d vol. pp. 1699, 1702, 1731 and 1732). The case is stated by Yates, J., in Rex v. Storr (3 Burr. 1702). “ It was [263] a forcible entry into a man’s private dwelling house by three people.” As was said by counsel, in Rex v. Storr, there was enough to constitute a riot; and Lord Mansfield goes on that ground, evidently, at p. 1701. The question was upon the words m et armis in an indictment; and it is inconceivable that words denoting no more than a common trespass, should be deemed good in an indictment. The words manu forti are necessary, in general; but three persons being alleged to have entered m et armis, was in Rex v. Bathurst holden to be equivalent. A riot comes with strong hand. But the case is much shaken by Rex v. Bake (3 Burr. 1831), unless, indeed, the indictment showed a riot, rout, or, at least, an unlawful assembly, which it did not, according to any report of it which I have seen (see the remarks of Wilmot, J. 3 Burr. 1732). These cases, to be sure, went on the form of the indictment. The question before us is on the amount of proof; and in any view, it comes short of the cases which allow the least. In respect to the indictment, the better opinion is, that the allegation of entry into a dwelling simply vi et armis, without adding circumstances of force or terror, will not do. Here is no dwelling house in the case. There is the breach of an open close and a granary; and there was evidence enough for the jury to say-that the lock was broken. Had this been a dwelling house, even though no person were in it, there is an old case which would hold it forcible. On a trial in the K. B. the jury came to the bar and asked, “ If one break a house, and thus enter into it (no person being in the house), whether that would be a forcible entry? and the court resolved that it was. Though it seemed to them that if he had entered by the window, or if he had opened the door with a key, this would not have been forcible” (2 Roll. R. 2; Hill 15 Jac.) This is an outside case and respects a dwelling house. Halt. Country Justice, 418, ch. 126, suggests, apparently, on the authority of the same case, that putting back a bolt and drawing a latch of a door, would be a forcible entry.
There is nothing of that in Bolle; and Hawkins (l Curw. Haw. 501, B. [264] 1, ch. 28, § 26), very justly questions whether such trifling circumstances which daily pass between neighbor and neighbor, would amount to force within the statute.
In the case at bar, force or terror arising from number, is out of the question. There was no riot in the case; and on the whole, I think it a fair deduction from all the cases, that there must be circumstances of force or terror in respect to the person. These come in a variety of ways. It may be left to the jury on the great number of persons, which is one way to frighten.. Halt. Country Justice, 417, ch. 126; or if one person come with weapons, or violence, or threatenings. And of this a great variety of illustrations is put (id. 417, 418, et seq.) And the breaking of the dwelling house in Bolle, I take to be only one illustration; for such naturally inspires terror. And yet if terror were impossible, and great and unusual force were out of the way, or there was none of either which could respect the person, it must stand like a common trespass. “ It will not be well for you, if you ever come upon the premises again by day or by .night,” was properly left to the jury as a threat (The People v. Rickert. 8 Cowen, 226). Whether the party aggrieved were in actual possession, so that entry would dispossess him, may *151 be considered; and from the violence and force used after entry, the jury may infer actual force at the time of entry (Burt ads. The State, 2 Const. R. S. C. 489). “ There must be, at least, such acts of violence, or such threats, menaces, signs or gestures, as may give ground to apprehend some injury or danger in standing in the defence of possession ” (Charge in Pennsylvania v. Robison, Addis. 17). “ There must be some apparent violence offered in deed or in word to the person of another, or the party must be furnished with unusual offensive weapons, or attended by an unusual number of the people” (Per Jackson, J., in Commonwealth v. Dudley, 10 Mass. R. 409). A mere entry, with nothing more than usual for one having claim of title, is not enough (id.) I am unable to discover anything more than that in the case at bar. The proposition put to the court as proper to go to the jury, was a correct general summary of the law, which I think they should have adopted. Then the breaking of the granary, if there was [265] anything in it which the jury could bring under the proposition, or anything else in the case, though I can see none from the evidence here, it might have been submitted. They should have been put to judge whether there was such violence, or any other manifestation accompanying any act that was done, as could be constructed into the least tendency to alarm the plaintiff personally. A mere naked trespass to land or out houses, never was yet holden sufficient.
The judgment must be reversed, and a venire de novo go from the court below.