DONALD FRAZIER and EDWARD J. HASTLER, Respondents,
v. HALL HANLON, Appellant.

To sustain an action of forcible entry, or forcible and unlawful detainer. actual force. threats of violence in the entry, or the just apprehension of violence to the person, must be shown to have existed, unless the detainer be riotous.

Force, either actually applied or justly to be feared from the conduct of the defendant, is essential to the support of this action.

Facts which might constitute a mere trespass upon property, have never been held to sustain the action of forcible entry or forcible and unlawful detainer.

WRIT OF ERROR from the County Court of San Francisco County.

The facts appear at length in the opinion of the Court.

*Crockett & Page*, for Appellants, cited—

Tay. on Land. and Tenant, §§ 786, 787. Saunders *v.* Robinson, 5 Met., 343. Cammack *v.* Macy, 3 A. K. Marsh, 296. 17 Wend., 261. 2 Ch. Pr., 231. State *v.* Gordon, 13 Ired., 348. Bell *v.* Pierce, 11 Ill., 92. Berry *v.* Williams, 1 N. J., 423. Matlock *v.* Thompson, 18 Ala., 600. Commonwealth *v.* Shattuck, 4 Cush., 141.

*Campbell, Taylor & Beckh*, and *Wm. W. Shepard*, for Respondents, cited—

Atkinson *v.* Lester, 1 Scam., 407. Brumfield *v.* Reynolds, 4 Bibb, 388. Henry *v.* Clark, Ibid., 426. Childress *v.* Black, 9 Yerg,, 317. Cought *v.* Lyle, 4 Ala., 112. Bent *v.* The State, 3 Brev., 414.

BRYAN, J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This was an action brought by the respondents against the appellants before a Justice of the Peace in and for the County of San Francisco, charging the defendant with making "forcible and unlawful entry upon, and unlawfully and forcibly detaining" fifty-vara lot, No. 809, in the city of San Francisco.

It appears by the record, that the respondents claimed the lot in question, and fenced the same in, and that the lot remained in that condition without further improvements for some time afterwards; that

subsequently one Gauley, in a peaceable manner, entered, and erected a division fence upon the lot, without interference from any one, and that the same was standing for two weeks afterwards; that subsequently, Hanlon went upon the portion of the lot fenced off by Gauley, in a quiet and peaceable manner, without violence, threats, or multitude of men, and having quiet possession of that portion of the lot, proceeded to erect a dwelling house upon the same. Before the completion of his dwelling, one Ewing, an agent of the plaintiffs below, called upon Hanlon, and " told him that they would have to send some men to move the house," and that Hanlon replied, "there were not men enough in San Francisco to do it," and said that he would not give up the lot he was on—that he had bought it. Subsequently, Hanlon proceeded to finish his dwelling peaceably and without interruption, and moved his family into it. This is the important portion of the testimony. To sustain the action of forcible entry, or forcible and unlawful detainer, actual force, threats, or violence in the entry, or the just apprehension of violence to the person, must be shown to have existed, unless the detainer be riotous. To constitute a forcible entry, the following rule is laid down in Tomlinson's Law Dictionary, which has been referred to in most of the Courts of the different States of the Union, " A forcible entry is only such an entry as is made with a strong hand, with unusual weapons, an unusual number of servants or attendants, or with menace of life or limb; for an entry which only amounts in law to trespass is not within the statute."

The same view is taken in Williams v. Warren, 17 Wendell, 257, in which Judge Cowen says, after reviewing several American cases, " The result seems to be, that there must be something of personal violence, or a tendency to, or threat of, personal violence, unless the entry or detainer is riotous." In all cases, there must be something beyond a mere trespass upon the property. From violence and force used after entry, a jury might infer a forcible entry, and from threats, menaces, and violence after entry, a forcible detainer would be inferred. In this case, there is no force, violence, or sufficient menace used by the defendant, to justify either conclusion, that the entry or detainer was forcible and unlawful.

The defendant, upon being told that his house should be removed from the lot, replies that he had bought the property, and that there

were not men enough in San Francisco to remove him. This was not a menace of violence, but a reply to a menace from the agent of plaintiffs. Had the defendant have used any menace and violence toward the agent of plaintiffs, it would even then be extremely doubtful whether plaintiffs could recover in this form of action, the entry being peaceable, and the plaintiffs having no improvements upon the premises except their fence, and not living upon any portion of the lot, or using it in any manner. Force, either actually applied, or justly to be feared from the conduct of the defendant, is essential to the support of this action. Facts, which might constitute a mere trespass upon property, have never been held to sustain the action of forcible entry, or forcible and unlawful detainer. The offense being *quasi* criminal in its character; and force or menaces being necessary to constitute it, something more must be shown than a mere wrongful entry upon or wrongful detention of property, to sustain an action under the statute regulating forcible entries and forcible and unlawful detainers.

The Court below erred in refusing to grant a new trial in the cause. The judgment is therefore reversed, with costs.

☞ A rehearing was granted the respondents, when, after a re-argument of the case, Heydenfeldt, J., at the July term, delivered the following opinion, in which Murray, C. J., and Bryan, J., concurred:

This case, after having been decided, was, upon the application of respondents, ordered for re-argument, and it has been carefully reconsidered, with a view of settling, definitely, the only question raised— whether actual violence or force is necessary to be shown in an action under the statute, where the complaint alleges a forcible entry ?

The authorities upon this question are various and conflicting, and the rule is often varied by the decisions of the same Court. Our object is to attain a rule which, being sustained by the best reason, shall

be uniform and consistent, and which will consequently enable it strictly to be adhered to. The necessity for this is apparent, when we look at the variety and conflict of the decisions of other States. In some, it is held that any entry into the possession of another is a forcible entry; as in the cases of Brumfield v. Reynolds, 4 Bibb, 388; Henry v. Clark, Ib., 426; Childress v. Black, 4 Yerger, 317; Bent v. The State, 3 Brev., 414; and other cases cited by the respondents.

While in Williams v. Warren, 17 Wendell, 257, and a large number cases there cited, and others cited by the appellants, the opposite doctrine is ably maintained.

One of the best admitted rules of construction is to give to language the meaning it has in its ordinary and most comprehensive acceptation; and if we are governed by this rule, it would be an absurdity to declare that, when the statute requires force, it does not mean force, or that when there is no force, the act must yet be called forcible.

To my mind, there is no necessity for so objectionable a construction. If the statute otherwise failed to furnish a substantial remedy in cases like the one under consideration, there would be strong ground to argue in favor of the general principle of giving a liberal construction to a remedial statute, although even that might be well answered by invoking the doctrine of strict construction in passing upon a penal statute; for it is penal, as well as remedial.

But we have had occasion to consider the question of remedy once before, and by the conclusion we then attained it is settled that our Act of forcible entry and detainer furnishes a specific remedy in cases where no force has been used, and that consequently it is only necessary to change the form of the allegation in the complaint to entitle the plaintiff to maintain his action.

In the case of Moore & Moore v. Gosling, decided at this term, the opinion says, "Our statute of forcible entries and detainers provides a remedy for an unlawful entry, and the policy of it is doubtless to avoid nice distinctions as to what constitutes force in an entry upon lands."

If, therefore, in the case under review the allegation had been of unlawful entry the judgment could not be disturbed, but it is a rule too well established to be in any case un iled, that the *allegata* and *probata* must correspond, and it therefore follows that when a

forcible entry is alleged, a forcible entry must be proved. We have well considered the case just cited of Moore & Moore v. Goslin, and we are satisfied that by every rule of construction, we have fairly arrived at the intention of the Legislature. The meaning of the language used, the grammatical construction of the paragraphs, the evil to be remedied, and the reason or policy for extending the remedy, all in our judgment concur to satisfy us that we have attained a correct conclusion.

It follows from this review of the case that we adhere to the doctrines announced in our first opinion, and that therefore the judgment must be reversed.