## THE BRIDGEWATER AND UTICA PLANK ROAD COMPANY *vs.* ROBBINS.

The statute imposing a penalty of $25 upon every person who shall "*forcibly* or *fraudulently*" pass any gate on any turnpike or plank road without having paid the legal toll, is penal, imposing a penalty or forfeiture for the benefit and protection of a private corporation, and in derogation of common right; and is not, therefore, to be extended, by construction, to cases within the mischief intended to be remedied, but which are not within the words of the statute.

The terms "forcibly or fraudulently" in the statute, must be held to have been used in their ordinary sense, and to mean actual force, or actual fraud, as distinguished from constructive force or fraud.

Accordingly, where the defendant, finding a gate, upon a plank road, open, passed through the same with his team, and on being requested to pay toll, declined, saying that he ought not to pay toll, as the road was bad, but would do so if B. said he must; and on another occasion he again passed through the gate, on finding it open, without paying toll, although informed that B. said he must pay toll, no effort being made, by word or deed, on either occasion, to stop him; *it was held* that this did not amount to a forcible or fraudulent passing of the gate, so as to subject the defendant to the penalty.

THIS was an appeal by the defendant from a judgment of the Oneida county court. The action was brought before a justice of the peace, to recover a penalty of $25 for forcibly and fraudulently passing a toll gate upon the plaintiffs' road, without paying the legal toll. The complaint contained but one count, and set forth that on the 29th day of May, 1855, the defendant forcibly and fraudulently passed the plaintiffs' gate, without paying toll, and demanded a judgment for $25 and costs. It was proved that the gate in question was kept by a young woman; that it was usual to leave the gate open during the day; that on the 29th of May the defendant drove his team up to the gate on a trot, and passed through, without stopping, it being open; that the gate keeper told him Mr. Bushnell (the superintendent of the road) said he must pay toll, but the defendant passed on without paying toll; that four days previously the defendant had passed the gate in a similar manner, and on toll being demanded, said that he ought not to pay toll, as the road was so bad, but that he

Bridgewater and Utica Plank Road Co. *v.* Robbins.

would pay if Mr. Bushnell said he must. The justice rendered a judgment for the plaintiff for $25 and costs, and on appeal the county court affirmed the judgment.

*R. R. Morehouse,* for the appellant. I. The court erred in admitting evidence of what occurred on the 25th of May. The object of the evidence, as stated, did not render it competent or material.

II. The practice of the witness Lines, in reference to keeping the gate open or shut, and also her reasons for closing it on certain occasions, were wholly irrelevant and immaterial, and should not have been admitted.

III. The court should have nonsuited the plaintiff. The case, as proved, showed neither force nor fraud. The defendant passed through the gate, which was open at the time, quietly, without any violence, and upon the evidence there can be no allegation of fraud. (*President and Directors of the Columbia Turnpike* v. *Woodworth,* 2 *Caines,* 97.) See section 9 of the Rensselaer and Columbia turnpike act, (*Sess. Laws of* 1807, *vol.* 2, *p.* 407,) which is precisely similar to the act declared on. Force is defined to be strength—compulsory power. In law, force is defined to be an offense by which violence is used to persons and things. Force is now generally used in a bad sense, to denote unlawful violence, (*vis injusta.*) Bracton defines force (*vis*) to be the onset or pressure of a greater thing, which cannot be resisted. Regularly, a forcible entry must be with a strong hand, with criminal weapons, or with menace of life and limb. It must be accompanied with circumstances of actual violence or terror, and an entry which has no other force than such as is implied by law in every trespass is not within the statutes. (*Bac. Abr. For. Ent. Dalt.* 300. 1 *Haw. Ch.* 64, § 25. *Comyn's Digest, vol* 4, *p.* 354.) An indictment for forcible entry cannot be supported by evidence of a mere trespass, but there must be proof of such force as is calculated to prevent any resistance. (*Rex* v. *Smith,* 5 *Car. & P.* 201. 1 *M. & Rob.* 156. *Willard* v. *Warren,* 17 *Wend.* 257. *People* v. *Rickert,* 8 *Cow.* 226, *Cowen, J.*) "To constitute a forcible

entry, there must be personal violence, or threat of personal violence. In all cases there must be something beyond a mere trespass upon the property."

IV. If the defendant was guilty of any offense, it was under the act of 1855, and not under the revised statutes. The section under which this action was brought is repealed by the act of 1855. (*Sess. Laws of* 1855, *p.* 875. 16 *Barb.* 15.) A subsequent statute, repugnant to a prior one, repeals it; and it is laid down in *Davis* v. *Fairbanks,* (3 *How. U. S. Rep.* 636,) that if a subsequent statute be not repugnant in all its provisions to a prior one, yet if the latter statute was clearly intended to prescribe the only rule that should govern in the case provided for, it repeals the prior one. Under this rule the 57th section of the turnpike act, so far as it applies to plank roads, is repealed.

V. The court erred in submitting the question of force or fraud to the jury, because, (1.) There was no evidence of either force or fraud for the jury to pass upon. (2.) There was no conflicting evidence as to what occurred on the 29th of May. It was a question of law merely. (3.) The evidence, taken together, only shows that the defendant passed the gate without paying toll, giving his reasons for so doing. That no force was used or attempted, and the jury were instructed that they might find either force or fraud, or both, without any evidence of either. (4.) The jury were instructed, in substance, that they might infer fraud on the part of the defendant, without any evidence that would legally warrant such inference. (5.) The charge was clearly erroneous, as it was against law, and not warranted by the facts proved. (6 *Hill,* 326.)

VI. The verdict of the jury was against the law, and was not supported by the evidence. The judgment should therefore be reversed. (2 *Caines,* 97. 17 *Wend.* 264. *Session Laws of* 1855, *p.* 875.)

*Doolittle & Hurlburt,* for the respondent. I. The defendant confessedly passed the gate without permission and without paying the toll; and when he knew the payment of the toll was a

condition precedent to his right of passing, and in defiance of the gate keeper's demand of the toll. When a person refuses to comply with the condition imposed to his passing, and passes, he can only be stopped by force.

II. The defendant, within the meaning of the section of the statute in that behalf, forcibly passed the gate without paying toll. Forcibly passing the gate, is passing without permission, and under such circumstances as to give the person tending the gate to understand that he will use force to overcome resistance to his passage, or with such comparative power and strength, or under such circumstances, as to intimidate the person tending the gate from manual resistance, or under such circumstances as would give the gate keeper to understand that force would be required to prevent his passing. (8 *Cowen,* 229. *Id.* 232. 12 *John.* 408. 17 *Wend.* 264.)

III. The defendant fraudulently passed the toll gate without having paid the legal toll. (1.) An actual or positive fraud is the intentional and successful employment of any cunning, deception or artifice, used to circumvent, cheat or deceive another. (1 *Bouvier's Law Dic.* 590. 1 *Story's Eq.* § 186.) Constructive frauds are such acts as are either against public policy, in violation of some special trust or confidence, or operate substantially as a fraud upon private rights, interests, duties, or intentions of third persons ; or unconscientiously compromit, or injuriously affect, the private interests, rights or duties of the parties themselves. (1 *Story's Eq. Jur. ch.* 7, §§ 258 *to* 440.) (2.) Getting through on the statement that he would pay if Bushnell said so, when he did not design to do so, was deception. (3.) Giving the gate keeper to understand that he would pay next time, if Bushnell said he must, and thus preventing her from shutting the gate on him, and allowing him to get so far along that she could not stop him, when she knew he intended to pass without payment, was tricky, deceptive conduct, and cheating her out of toll. (4.) The defendant used the road when the plaintiff had no one to guard it who could resist him, with intent not to pay for it. He appropriated to his own use the property of the plaintiff, intending to avoid payment and

elude the gate by false pretenses, or by setting at defiance the demands of the gate keeper, by passing through the gate by one artifice or another without payment—acts all injuriously affecting the private interests of the plaintiff.

IV. Whether the passage of the gate was forcible and fraudulent, or either, was a question of fact for the jury, and they have found for the plaintiff, and therefore the judgment will not be disturbed.

V. There was no question made on the trial, that the act of 1855 repealed the section of the statute which imposes the penalty recovered, and it cannot now be made, for that reason. (*Willard* v. *Bridge*, 4 *Barb.* 361, 363.) (1.) The defendant moved for a nonsuit, but it was only on the ground that there was no evidence to show that the defendant forcibly or fraudulently passed the gate. (2.) He passed the gate when prohibited at the time from passing, without payment of toll. The gate itself was notice of the condition. The gate keeper demanded it. That demand, in such cases, is clearly a demand of payment as a condition to going through. It is saying, " Sir, you must pay the toll before you can pass." (3.) The refusal to pay, under the circumstances, and driving through, is saying, more potently than by words, I shan't pay, and if you stop me from going through, you must do it by force, and urges his horses to drag him through. This would be forcibly passing, no matter who tended the gate. (4.) What would not be intimidation or force under one set of circumstances, would be under other circumstances.

VI. The act of 1855 does not purport to, and does not, repeal § 55, 1 *R. S.* 719. It does not profess to provide a penalty for *forcibly* or *fraudently* passing a gate. (1.) It provides for a case § 55 did not provide for, *i. e.* a case where there was no force, &c. (2.) A large penalty was designed to be given when there was force or fraud. (3.) It will be seen that the whole act of 1855 was designed to make certain acts penal, not before such, and to repeal any provision of law authorizing any such acts.

VII. The exception to the justice's charge points out no par-

Bridgewater and Utica Plank Road Co. *v.* Robbins.

ticular ruling excepted to, and is therefore too general to be available for any purpose. He submitted the question of force or·fraud to the jury. And on what was necessary to constitute force, his charge was particularly sound and clear, and is sustained alike by common sense and authority. (8 *Cowen,* 229 *and* 232.)

*By the Court,* W. F. ALLEN, J. The evidence of the gate keeper of the plaintiffs showed that on the 25th of May, 1855, the defendant passed through the gate on the plaintiffs' road, near Bridgewater, and on being requested to pay toll, declined, saying that he ought not to pay toll as the road was bad, but would do so if Mr. Bushnell said he must. On the 29th of May he again passed through, and was told that Mr. Bushnell said he must pay toll; to which, so far as appears, no reply was made, but the defendant passed on without paying toll. On each occasion the gate was open, as it was habitually in the day time, and was not opened by him or any one else to admit of his passage. By law a penalty of $25 is imposed upon every person who shall "forcibly or fraudulently pass any gate on any turnpike or plank road, without having paid the legal toll." The statute imposing this penalty was originally enacted in reference to, and for the benefit of, turnpike corporations, and was by a subsequent act made applicable to plank road companies formed under the general act of 1847. (1 *R. S.* 588, § 57. *Laws of* 1849, *p.* 375, § 5.) The act is penal, imposing a penalty or forfeiture for the benefit and protection of a private corporation and in derogation of common right, and may not, therefore, be extended by construction to cases within the mischief intended to be remedied, but which are not within the words of the statute. The act which subjects an individual to the penalty must be both within the letter and the spirit of the act imposing it; that is, the offense must be clearly and specially described in the statute. While in the construction of penal as of other statutes, the intention of the legislature must govern, that intention is to be collected from the words employed, and the words must receive an interpretation according to their plain and natural

sense—the sense in which they are ordinarily used. (*The United States* v. *Wiltberger*, 5 *Wheat.* 76.) The question before us is, whether there was any evidence to be submitted to and passed upon by the jury, of a "forcible or fraudulent passing" of the gate of the plaintiff, within the statute imposing the penalty. The terms "forcible and fraudulent" must be held to have been used in their ordinary sense. Actual force or actual fraud, as distinguished from constructive force or fraud, was intended. Every passage without the consent of the toll gatherer, and without the payment of the legal toll, would be in one sense forcible, as being done against his will, and fraudulent, as an act in fraud of the rights of the company; but it cannot be presumed that these very common and well understood words were used in this somewhat refined and very unusual sense. The words were designed to specify the particular wrongful passing, without the payment of toll, which should subject an individual to the penalty. Upon any other construction the words were useless, as qualifying the sentence and limiting the penalty to a particular class of offenders.

The act of the defendant was rather a non-feasance than a malfeasance. It consisted in an omission to pay the toll. Indeed he was not forbidden to pass the gate, and no effort was made, even by words, to prevent his passing until he should pay the toll; and a mere non-feasance cannot be considered as forcible. In general, by force is understood unlawful violence; but acts may be forcible which are perpetrated by means of actual violence, or threats of personal injury to another. (*Coke Lit.* 161, *b.* 3 *Thomas' Coke,* 543, 4. *People* v. *Rickert,* 8 *Cowen,* 226. *Willard* v. *Warren,* 17 *Wend.* 257.) This point is decided by *The Columbia Turnpike* v. *Woodworth,* (2 *Caines,* 97,) in which it was held that a similar clause in the act incorporating the company had in contemplation only forcible and violent passages, and that simply riding through a gate, without paying toll, did not subject the party to the penalty. There is no pretense that the defendant used any trick, artifice or cunning to secure an opportunity of passing the gate, or that he took any measures to circumvent, cheat or deceive the agent of

Bridgewater and Utica Plank Road Co. *v.* Robbins.

the plaintiff in charge of the gate. He found the gate open and rode through, and no effort was made by word or deed to stop him. It was true he was asked to pay toll, and did not comply with the request, and was thereby guilty of that constructive and very technical fraud of which every person is, in contemplation of the law, guilty who voluntarily refuses to perform his legal duties. He is liable to an action for the non-performance, but cannot in all cases be convicted of an assault and battery, or charged with having committed an act *vi et armis,* or punished as a cheat, or charged with an actual fraud. We have a legislative construction of the statute under review, in the act of 1855, (*Sess. Laws, p.* 874, § 3,) by which a penalty of ten dollars is imposed upon any person who shall pass any turnpike or plank road gate without paying the toll required by law, and with the intent to avoid the payment thereof. This was designed to remedy an omission in the former act and provide for cases not within its letter or spirit, and imposed a lesser penalty for an offense less aggravated in its character than those before provided for, and this act would not have been necessary if the statute, under which this action is prosecuted, will bear the construction claimed for it. Under the act of 1855 the defendant can be convicted, if the intent to avoid the payment of toll can be fixed upon him. But there was no evidence of a forcible or fraudulent passing of the gate, and the judgment of the county court and of the justice must therefore be reversed.

[Onondaga General Term, October 7, 1856. *Pratt, Bacon* and *W. F. Allen,* Justices.]