By the Court.*—Monell,
J.—Two questions are presented in this case. 1st. Did the non-presentment of the check until the 12th of October discharge the drawer % and 2nd, was the promise of the defendant to pay the check, a waiver of due presentment and notice ? . I Bank checks, for all the purposes of presentment and protest, *202 are regarded like inland bills of exchange, payable on demand (Harker v. Anderson, 21 Wend., 373). They must be presented within a reasonable time after delivery to the payee. What is a reasonable time is a question of law, and must depend upon the circumstances of each case (Mohawk Bank v. Broderick, 10 Wend., 304). Very few of the cases have undertaken to define the period which may elapse between the giving and presentment ; arid probably no general rule can be established. As the circumstances of each case differ, so will the rule differ, and it will be suspended or applied to meet the exigencies or peculiarities of each case. In Beeching v. Cower (1 Hilt, 313), it was decided that a cheek given and payable in London in the morning, must be presented the next morning, or at fartherest during the banking hours of the next day. In Merchants’ Bank v. Spicer (6 Wend., 443), the check was given between two and three o’clock P.M., and presented by noon the next day, and it was held seasonable.
Most of the cases in the books arise upon bills, and between indorser and indorsee. In those cases less diligence is required .(Mohawk Bank v. Broderick, supra).
In the uncertainty in which the books have left this question of reasonable time, I think it may safely be considered that checks issued and payable in this city must be presented during the same or the next succeeding day, during the usual banking hours. A later presentment, except under circumstances excusing the delay, will discharge the drawer (see Parsons on Bills an d Notes, Vol. 2, p. 72).
The check in question was received by Bristow, Morse & Co., about four o’clock in the afternoon of the tenth of October; on the next day, between three and six P. M., it was delivered by B., M. & Co. to the plaintiffs. It was not presented for payment until the next day, the twelfth; at what hour on that day it was presented, does not appear.
The circumstance that the payees of the cheek were the agents of the plaintiff, did not authorize them to. withhold the presentment; nor would the delay in passing the check to the principals until after banking hours of the next day, excuse the presentment. There was nothing to prevent the presentment on the next day after the check was received, and the holders must be regarded as guilty of laches in not doing so. The drawer *203 of the check had a much larger sum on deposit with the bank than the amount of the check, and the cheek would have been paid if it had been presented before the failure of the bank. The plaintiffs must suffer for their own laches. The learned judge was therefore right in instructing the jury that the check was not presented within a reasonable time.
2nd. Was the promise of the defendant to pay the check, a waiver of due presentment and notice %
The evidence of the promise is contained in the testimony of F. Hazelton, one. of the plaintiffs, who testifies that he saw the defendant the next day after the failure of the bank ; that the defendant then knew the bank had stopped payment; that the defendant expressed great confidence that the bank "would resume payment, and “ assured us that we would get our money, and if the bank did not pay, he would.”
This evidence was contradicted by the defendant upon his examination ; but the judge submitted the question to the jury, who by their verdict have found that the promise was made.
The learned justice refused, in submitting this question to the jury, to charge them, that the promise would not bind the defendant, unless he was aware, or had notice of all the facts, as to presentment, that would tend to discharge him; and charged that the promise to Hazelton would bind him.
It is settled by numerous and uniform decisions, that to make a waiver, however clearly proved, obligatory upon the party making it, it is indispensable that it should be made with full knowledge of all the facts; that is, that there has been a want of due presentment and notice (Thornton v. Wynn, 12 Wheat., 183; Reynolds v. Douglas, 12 Pet., 497; Story on Prom. Notes, § 361; Tebbetts v. Dowd, 23 Wend., 379, 411; Sigerson v. Matthews, 20 How., 496; 1 Parsons on Bills and Notes, 595, where all the cases are collected).
The principle upon which these decisions proceed, is, that these declarations and acts amount to an admission of the party, that the holder has the right to resort to him, and that he has received no damage for want of notice (Rogers v. Stevens, 2 Term R., 713).
In this case there is no evidence whatever that the defendant knew, at the time he made the promise, that the check had not been presented until the 12th, two days after it was issued. He *204 knew the bank had stopped payment, but did not know of the laches of the holder in demanding payment. Even h'ad there been any evidence on that subject, or if knowledge of the bank’s failure could be imputed as knowledge that the check had been dishonored, yet the question was one for the jury, and should not have been kept from tlreir consideration.
The learned justice, therefore, in my opinion, erred, both in his refusal to charge as requested, and in his charge, that if the defendant made the promise to Hazelton, he was bound by it, without qualifying the instruction, so-that the jury must also find that the promise was made with a knowledge of - the plaintiffs’ laches.
This is a bill of exceptions, and not a case, and we cannot look into it to see whether the evidence would have been sufficient, nor speculate upon the effect which the instruction, had it been given to the jury, would have had upon their verdict (Willard v. Warren, 17 Wend., 257; People v. Rathbun, 21 Id., 509).
I am of opinion that the judgment should be reversed, and a new trial ordered, with costs to abide the event.
Bosworth, Ch. J., concurred.

 Present, Bosworth, Ch. J., and White and Monell, JJ.