MANUEL ROMERO

*v.*

CANDELARIO GOZALES.

Filed March 21, 1883.

FORCIBLE ENTRY AND DETAINER—ACTUAL FORCE—EVIDENCE.
An unlawful entry, unaccompanied by actual force, is not a constructive forcible entry sufficient to sustain a judgment in an action of forcible entry and detainer under the New Mexico statute.[1]

Appeal from first judicial district, Mora county.

BRISTOL, J. This action was brought originally before a justice of the peace of Mora county, in the first judicial district, under the forcible entry and detainer act. An appeal was taken to the district court of that county, and having been tried in the latter court, and judgment rendered in favor of Romero, the plaintiff, the defendant appealed to this court. There is no controversy as to the identity of the premises entered upon by the defendant and claimed by the plaintiff. In the court below the plaintiff in his complaint alleged as specific grounds of the action that the defendant entered upon plaintiff's "said premises" unlawfully, and by force, stealth, intimidation, and fraud. Upon the conclusion of the plaintiff's testimony, on the trial in the court below, the defendant moved the court to instruct the jury that there was no testimony sufficient to justify a verdict for the plaintiff, and that they should find for the defendant. This motion was overruled by the court, and the case submitted to the jury under the instructions of the court. The jury found for the plaintiff. Defendant interposed a motion for a new trial on substantially the same grounds as his previous motion. This also was overruled by the court. Judgment was entered upon the verdict. Defendant took proper exceptions, and appealed to this court.

The only assignment of error on behalf of the appellant that is necessary for this court to consider is that there was no evidence before the trial jury to sustain their verdict. The legal title to land, or even the right to the possession of land, cannot be determined in this form of action. The main point on which every forcible entry and detainer suit must be maintained, if at all, is the fact that the defendant, by the mode of his entry or detention, has committed a wrong in the nature of a public offense, and the object of the statute is to

[1] See note at end of case.

punish the wrong-doer by a restitution of the premises to the plaintiff without inquiry as to which has the legal right of possession.

It was claimed by counsel for the appellee, on the argument of the case, that every *unlawful* entry upon land is necessarily a forcible entry, within the meaning of the statute. With this view we cannot concur. There may be a peaceful entry by one person upon the lands of another without actual force, stealth, intimidation, or fraud, under an honest though mistaken belief that he had a legal right to the possession.

While such an entry might be without the authority of law, it would be a trespass simply, and not within the statute of forcible entry and detainer. It is clear that an unlawful entry, unaccompanied by *actual* force, is insufficient to maintain this action on the ground of its being constructively a forcible entry.

Under the California forcible entry and detainer statute an unlawful entry is specified as one of the causes of action. But there the courts hold, and, no doubt, correctly, that to maintain this action solely on the ground of an "unlawful entry" there must be some ingredient of fraud or willful wrong on the part of the party making the entry. *Dickinson* v. *Maguire,* 9 Cal. 46. Our statute does not include an unlawful entry among the causes of action distinct from the other causes mentioned. Under the California statute, which, like ours, specifies a forcible entry as one of the causes of action, it is held that where *force* is relied on, *actual* force, in the nature of a breach of the peace, must be shown. *Frazier* v. *Hanlon,* 5 Cal. 156; *McCauley* v. *Weller,* 12 Cal. 500; *Watson* v. *Whitney,* 23 Cal. 375. As already intimated, the main object and purpose of the statute is to prevent persons from disturbing the public peace, or perpetrating gross and willful wrongs, by maintaining by actual force or fraud what they claim as private rights in the possession of land. The bill of exceptions, containing all the evidence on the material issues, being silent on the several issues of force, stealth, intimidation, and fraud in the defendant's mode of entry, it follows that there was no evidence to sustain the verdict.

It is accordingly ordered that this judgment be reversed, appellant to recover his costs, and the cause remanded to the court below, with instructions to dismiss this action.

(All concur.)

### NOTE.

FORCIBLE ENTRY AND DETAINER—WHEN LIES—PROCEDURE. This action does not lie to recover incorporeal rights, as a right of way. Roberts v. Trujillo, 3 N. M. 50, 1 Pac. Rep. 855. Nor can the widow's right to the possession of the dwelling-house for the year succeeding the husband's death be recovered in this action. Aiken v. Aiken, (Or.) 6 Pac. Rep. 682. Nor will a mere casual or "scrambling" possession support the action, as possession taken by the plaintiff just as defendant's tenant is moving out, and abandoned on the same day. Castro v. Tewksbury, (Cal.) 11 Pac. Rep. 939. Where the acts complained of amount simply to a trespass, the action will not lie. Castro v. Tewksbury, supra. So where the plaintiff takes possession in the absence of defendant, but on defendant's return permits him to come upon the land peaceably, and then, on being told roughly by defendant to leave, he does so, the action cannot be maintained. Brooks v. Warren, (Utah,) 13 Pac. Rep. 175. So where plaintiff claims a tract

of uninclosed agricultural land, a part of which only he has put in cultivation, he cannot oust a defendant, in an action of forcible entry, who moved upon the uncultivated portion, claiming to pre-empt it, but who in no way interfered with the possession of plaintiff of that part actually occupied by him. McCormick v. Sheridan, (Cal.) 19 Pac. Rep. 419. But where defendant, with a number of men, enters and tears down plaintiff's fence, and removes it some distance, and afterwards proceeds to cultivate a part of the land thus exposed by the removal of the fence, his acts amount to more than a simple trespass, and constitute a forcible entry, to redress which the action will lie. Ely v. Yore, (Cal.) 11 Pac. Rep. 868. Where defendant takes possession immediately upon the moving out of the plaintiff's tenant, plaintiff can recover the possession in forcible entry. Porter v. Murray, (Cal.) 12 Pac. Rep. 425. So where defendant takes possession during the absence of plaintiff, and prevents plaintiff's re-entry by displaying a pistol, which he does not threaten to use, and which in fact is unloaded, the possession is held by force, and may be recovered in forcible entry. Bank v. Taaffe, (Cal.) 18 Pac. Rep. 781. But where one claiming title refuses to vacate on notice, but makes no threat or demonstration of holding the possession by force, it cannot be recovered by the rightful owner in forcible entry. Harrington v. Watson, (Or.) 3 Pac. Rep. 173.

The complaint should particularly describe the land, and the mode in which defendant got or held possession should be specified. Sanchez v. Luna, 1 N. M. 288; and a complaint which omits to allege that plaintiff was possessed or entitled to the possession is fatally defective. Gonzales v. Boren, 3 N. M. 204, 5 Pac. Rep. 336; but an allegation that plaintiff is "entitled to the possession" of the premises, instead of that he is "entitled to the premises," is sufficient. Harris v. Barber, 9 Sup. Ct. Rep. 314.