(26 Misc. Rep. 760.)

VALLAURI v. LOFTUS et al.

(Supreme Court, Appellate Term. March 24, 1899.)

FORCIBLE ENTRY—EVIDENCE.

Where entry by one claiming right of possession of a basement was not riotous, or accompanied by any force or threats, and the evidence showed merely unauthorized removal of a portion of a partition barring entrance into such basement, the facts were insufficient to sustain an action for forcible entry.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Victoria Vallauri against W. G. Loftus & Co. From a final order in favor of petitioner, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John M. Sterns, for appellants.
Sol. Kohn, for respondent.

LEVENTRITT, J. This proceeding was taken for forcible entry and detainer. It appears that the petitioner was on the 20th of July, 1898, the occupant of a certain store at No. 1189 Broadway, and of the adjoining basement. The defendants claimed right of possession to the basement, but a partition prevented access thereto. During the absence of the petitioner a carpenter employed by the defendants removed a substantial portion of the partition, and entry was thereupon made. At this stage the plaintiff returned, and found the carpenter and the defendants' porter on the premises. She remonstrated, and then voluntarily left the basement. There was no intimidation, no threats were made, and no force or violence was

used against her.   She admits that the man was quietly proceeding with the work, and was courteous and polite.   The petitioner relies solely upon the partial removal of the partition to establish the forcible entry and detainer, having made no further attempt to regain possession of the basement.   The state of facts disclosed is insufficient to sustain the proceeding.   The petitioner relies solely on her allegation of forcible entry, there being no pretense of forcible detainer.   We find in the facts disclosed, at most, a mere trespass. There is an absence of all the elements essential to the maintenance of the proceeding.   The entry was not riotous, or accompanied with any force, violence, threats, or intimidation.   The mere unauthorized removal of a portion of the partition cannot convert the peaceable entry into a forcible one.   People v. Smith, 24 Barb. 16;  Wood v. Phillips, 43 N. Y. 157;  Willard v. Warren, 17 Wend. 257.   Under the authorities, we are constrained to reverse the order.

Order reversed, with costs to the appellants to abide the event. All concur.