Parker C. J.
That the mere cancellation of the deed, under which one holds title to real estate, does not divest the title or revest it in the grantor, seems to be abundantly settled by the cases cited on the argument, and more particularly by two cases to which we have since been referred by the petitioner’s counsel, namely, 4 Connect. R. 550, and 5 Connect. R. 262.[1]
But we think the respondent’s seisin and title are maintained by the facts proved, consistently with this doctrine. By Reuben Blanchard’s deed to Ebenezer, not recorded, the title became vested in Ebenezer as against the grantor and his heirs, but was so far left in Reuben Blanchard that a conveyance from him to another person, ignorant of the former deed, would pass the estate ; and so also a creditor of Reuben might have acquired a title by a levy upon the land as his.
There seems to be no reason why the respondent, who had acquired the property in one moiety under the levy in favor of Stetson, should not become the second purchaser of Reuben, paying a valuable consideration and there being no fraud. The knowledge of the respondent of the former deed cannot be important, as there was no intent of defrauding Ebenezer Blanchard, who, on the contrary, received the consideration, and consented to this mode of executing his bargain. Nor were any creditors of Ebenezer Blanchard defrauded, for he obtained an equivalent for his land, and thereby became enabled pro tanto to pay his debts. Had he made his deed to the respondent at the time, there could have been no question of the validity of his conveyance. The whole transaction then amounts only to *110 this ; that Reuben Blanchard, who had a legal right to convey, his former deed to his brother not being recorded, did in fact convey to the respondent, who may be considered a subsequent purchaser for a valuable consideration, without fraud.
The case of Marshall v. Fisk was rightly decided, the object of cancelling the deed and obtaining a new one from the grantee being to defeat an attachment by a creditor of the first grantee ; which was decidedly fraudulent.
The present case is supported by the principles laid down in the case of Commonwealth v. Dudley, 10 Mass. R. 403, [Rand’s ed. 414, note a.]

 See Farrar v. Farrar, 4 N. Hamp. R. 191; Morse v. Child, 6 N. Hamp. R 521 ; Tomson v. Ward, 1 N. Hamp. R 9; Corliss v. Corliss, 8 Vermont R. 373; Wiley v. Christ, 4 Watts, 199.