[Filed January 18, 1892.]

## JAMES K. SMITH v. L. M. REEDER.

FORCIBLE ENTRY AND DETAINER— EXPIRED LEASE.— Where a lease of real property had by its own limitation expired, and the tenant refused to surrender possession, but continued to hold over, and the landlord, during the temporary absence of the tenant, leaving no one in possession, entered in a peaceable and orderly manner, and having so entered, forced open in a peaceable manner an outer door of a dwelling-house on the premises which had been fastened by the tenant, and in a careful manner removed

the tenant's goods and stored them in an out-building, and moved his own household goods and family into the house, sending word to the tenant that he could have a reasonable time in which to come upon the premises to remove his goods and stock; *held*, not a forcible entry within the meaning of our statute of forcible entry and detainer.

FORCIBLE ENTRY—TRESPASS.—A forcible entry, within the meaning of the forcible entry and detainer act, is one accompanied with some circumstance of force or violence to the person, or one accomplished in a riotous or tumultuous manner endangering the public peace. An entry which has no other force than that implied in every trespass, is not within the statute.

NOTICE TO QUIT—ACTUAL AND CONSTRUCTIVE FORCE.—Where the action is not founded on the constructive force defined in Hill's Code, § 3519, but upon actual force in entry or detainer, notice to quit is not necessary.

Marion county: R. P. BOISE, Judge.

Defendant appeals. Affirmed.

*Bonham & Holmes*, and *M. W. Hunt*, for Appellant.

We claim that the possession of the premises in dispute, which was acquired by the respondent on the nineteenth day of December last, was a forcible and unlawful possession, and is condemned as such by our code and by the great preponderance of modern decisions on the subject. (2 Hill's Code, § 3509; *Mason* v. *Powell*, 38 N. J. L. 576; *Seitz* v. *Miles*, 16 Mich. 470; *Ainsworth* v. *Barry*, 35 Wis. 140; *Steinlein* v. *Halstead*, 42 Wis. 422; *Allen* v. *Tobias*, 77 Ill. 169; *Warren* v. *Kelly*, 17 Tex. 551; *Holmes* v. *Holloway*, 21 Tex. 658; *Mason* v. *Hawes*, 52 Conn. 12; 52 Am. Rep. 552; *Treat* v. *Stewart*, 5 Cal. 113; *Voll* v. *Butler*, 49 Cal. 74; *Ross* v. *Roadhouse*, 36 Cal. 580; *Tivnen* v. *Monahan*, 76 Cal. 131; *Harrington* v. *Scott*, 1 Mich. 17; *Powell* v. *Davis*, 54 Mo. 315; *Galligher* v. *Connell*, 23 Neb. 391; *Blake* v. *McCray*, 65 Miss. 443.)

A notice to quit was indispensable to the maintenance of this action by plaintiff. (2 Hill's Code, § 2987; Tyler Eject & Adv. Enjoyment, 209-215; *Rosenblat* v. *Perkins*, 18 Or. 156.)

*D'Arcy & Bingham*, and *Tilmon Ford*, for Respondent.

Where the landlord entitled to possession enters the premises during the temporary absence of the tenant, he is

justified in so doing if he does so in a quiet and peaceable manner; and if necessary, he may enter by forcing open an outer door. (Taylor Land. & Ten. §§ 531, 532; Cooley on Torts, 323, 326; *Mussey* v. *Scott*, 32 Vt. 82; *Sampson* v. *Henry*, 13 Pick. 36; *Stearns* v. *Sampson*, 59 Me. 568; 8 Am. Rep. 442.)

When the lease expired, the court recognizes the right to remove goods if no unnecessary force be used. (*Overdeer* v. *Lewis*, 1 Watts & Serg. 90; 37 Am. Dec. 440.)

The respondent Smith, holding the legal title to the premises in controversy, in fee simple, having re-entered and taken possession of said premises in the temporary absence of the appellant, under advice of counsel, in a peaceable manner, then the appellant had no right thereafter, against the advice of his attorneys, to re-enter and take possession of said premises by the use of force and violence; and when he did so, the respondent's right to maintain this action for forcible entry and detainer against the appellant is clearly maintainable under the law without notice to quit. (*Lorimer* v. *Lewis*, 1 Morris, 253; 39 Am. Dec. 461; *King* v. *St. Louis G. L. Co.* 34 Mo. 341; 84 Am. Dec. 68.)

Under the facts of this case, the action of forcible entry and detainer was the proper remedy for the respondent. (*Taylor* v. *Scott*, 10 Or. 483; *Harrington* v. *Watson*, 11 Or. 143; 50 Am. Rep. 465; 2 Hill's Code, § 3510.)

When the appellant entered into the verbal agreement with the respondent by the terms of which the lease was to terminate on the tenth day of October, 1890, or sooner if the respondent should succeed in selling the premises, then by the terms of such verbal lease the appellant had full and complete notice of the time when he would be required to surrender up possession of said premises; and it was not necessary or required that he should be given any other or additional notice concerning the date of the expiration of the said lease. (*Hutchinson* v. *Potter*, 11 Pa. St. 472; *Davis* v. *Murphy*, 126 Mass. 143.)

When a tenancy is for a fixed period and the lease thus expires by its own limitation, the tenant is then bound to

surrender the premises, and no notice to quit is necessary. (13 E. C. L. 581; *Secor* v. *Pestana,* 37 Ill. 525.)

BEAN, J.—This is an action of forcible entry and detainer. For the purposes of this appeal, a sufficient statement of facts is, that prior to the tenth day of October, 1890, defendant was in the possession of the disputed premises, as a tenant of plaintiff under a contract of leasing, which by its terms expired on the tenth day of October, 1890, as found by the jury. After the expiration of the lease, defendant refused upon demand to quit and surrender possession of the premises to plaintiff; who thereupon sought the advice of counsel, and under their instruction, during the temporary absence of defendant, for the day, leaving no one in possession of the premises, and without having given a written notice to quit, about 9 o'clock in the morning of December 19, 1890, entered and took possession of the dwelling-house thereon, by forcing open the outer door, which had been fastened by defendant, and in a careful manner removed defendant's goods and stored then in an out-building and moved his own househould goods and family into the house, and at the same time sent word to defendant that he could have a reasonable time in which to come upon the premises for the purpose of removing his goods and stock therefrom.

When defendant returned in the evening, he was refused admission to said dwelling-house by plaintiff. Late in the evening of the succeeding day he caused plaintiff, his wife and brother-in-law, who were occupying the house, to be arrested for trespass, and while they were under arrest, accompanied by his father-in-law, two brothers and one Zumwalt, he proceeded to said dwelling-house, forced open the door thereof, and with force and violence, ejected therefrom plaintiff's mother-in-law and little son, who had been left in charge by plaintiff, and took possession and has ever since continued to hold the same. Whereupon plaintiff commenced this action, which resulting in his favor, defendant appeals.

The errors assigned and relied on at the argument, are in the giving and refusal of certain instructions by the trial court which are unnecessary to be stated further than to say that they only present the question whether the entry of plaintiff in the manner stated was a lawful entry. It is contended for defendant that plaintiff by forcing the outer door of the dwelling-house on the premises in dispute and taking possession thereof during the temporary absence of defendant, was guilty of a forcible entry and did not acquire such a peaceable and lawful possession as will enable him to maintain an action for forcible entry and detainer under our statute. On the other hand, plaintiff's contention is, that the lease under which defendant went into possession having expired by its own terms, plaintiff was lawfully entitled to the immediate possession of the premises; and if his entry was in a peaceable and quiet manner, it was a lawful one, and restored him to complete and lawful possession, and this seems to have been the view of the trial court.

Before proceeding to the consideration of the principal question in this case, it is proper and important to ascertain the relation of the parties to each other and to the disputed premises at the time of plaintiff's entry. From the verdict of the jury we must assume that the lease under which defendant went into possession had by its own terms expired on October 10, 1890. In such case the tenancy terminated immediately without any notice to quit because both parties were fully apprised by the terms of their agreement of the end of the lease.

The defendant, by remaining in possession, or holding over, as it is called, instead of quitting and surrendering up possession, as he ought to have done, was a wrong-doer, and could be so treated by plaintiff, the landlord. (Sedg. & W. Trial Land Title, ¿ 378; *Overdeer* v. *Lewis,* 1 W. & Serg. 90; 37 Am. Dec. 440; *Secor* v. *Pestana,* 37 Ill. 525; *Schuyler* v. *Smith,* 51 N. Y. 309; 10 Am. Rep. 609; *Den* v. *Adams,* 12 N. J. L. 99.) In such case the landlord being the owner and entitled to the immediate possession

---

---

of the property, can lawfully take possession if he can do so in a peaceable manner. The taking possession peaceably is lawful, for it is but the completion of a preëxisting right. If he cannot acquire possession without force, then he must resort to the aid of the law in some appropriate mode or render himself liable to an action of forcible entry and detainer, and perhaps to an action of tort, if he used undue force. But by the decided weight of authority, he may enter and expel the tenant by force, without being liable to an action of tort for damages, either for his entry upon the premises, or for an assault in expelling the tenant, provided he uses no more force than is necessary, and do no wanton damage. His title and lawful right to the possession are a complete justification for his entry upon the land, and the tenant as against him has no right of occupation whatever. Having obtained possession by an act of which the tenant has no right to complain, he cannot be liable to an action for the incidental act of expulsion to which he has been obliged to resort in order to make his entry effectual, because of the tenant's unlawful resistance.

"To hold otherwise," says GRAY, C. J., "would enable a person occupying land utterly without right to keep out the lawful owner until the end of a suit by the latter to recover the possession to which he is legally entitled." (*Low* v. *Elwell,* 121 Mass. 313; 23 Am. Rep. 272; 2 Woodfall L. & T. 741, note; 2 Taylor L. & T. § 532; *Fuhr* v. *Dean,* 26 Mo. 116; 69 Am. Dec. 484; *Ft. Dearborn L.* v. *Klein,* 115 Ill. 117; 56 Am. Rep. 133; *Turner vs. Meymott,* 8 E. C. L. 450.)

If he enter in a peaceable and orderly manner, even while another is in possession, he commits no wrong at all, as he has a lawful right to do so, and his entry in contemplation of law restores him to complete possession. (Cooley Torts, 323.) But if he forcibly enter and expel the tenant, while he may not be liable to him in an action of tort, he is guilty of a violation of the forcible entry and detainer act, which is designed to protect the public peace; and in such case the law will award restitution to the tenant, not

because it recognizes any rights in him, but for the reason that out of regard for the peace and good order of society it does not permit a person in the quiet and peaceable possession of land to be disturbed by force, even by one lawfully entitled to the possession. It will thus be seen that the pivotal point in this case is whether the entry of plaintiff, by forcing open the outer door and taking possession of the dwelling-house during the temporary absence of defendant, was a forcible entry within the meaning of the forcible entry and detainer act.

By section 3509, Hill's Code, it is provided that "No person shall enter upon any land, tenement, or other real property but in cases where entry is given by law; and in such cases the entry shall not be made with force, but only in a peaceable manner." Now we have already stated that an entry was given by law to plaintiff, and therefore, under this section, the only restriction on his right to exercise it was that it should not be made with force. If his entry were a peaceable one it was lawful; but if made with force it was unlawful, and he did not acquire such a possession as will enable him to maintain this action.

As to when an entry is made with force, within the meaning of this statute, there is much apparent conflict in the authorities; but the divergence of views sometimes expressed is doubtless in part owing to the different phraseology of the statutes under which the cases have arisen, and the conflict is more apparent than real. It is agreed that the object of the statute is not to punish for a mere trespass upon land. In substance, our statute is the same as the original forcible entry and detainer act of 5 Richard II, after which the statutes in most of the states are modeled; the words "not with force," and "not with strong hand or with a multitude of people," in substance meaning the same thing. The proceedings under the statute were originally in their nature criminal for the redress of a wrong to the public done by a breach of the peace. It was not designed or intended to confer rights. While, through gradual addi-

tions, the remedy has become in effect private as well as public, its main design still is to prevent breaches of the public peace.

In actions under the statute there must still be present, to secure conviction, proof of some wrong done to the public. The process was originally what the expression (taking the word forcibly in its technical meaning) meant—a process for the recovery of lands entered or detained by such force as to constitute a breach of the peace. It "was authorized only where the entry or holding was by force or violence, or threats of violence sufficient to deter the owner from entering." (KENT, J., in *Dunning* v. *Finson,* 46 Me. 550.)

The word force when used in the statute means actual force as contradistinguished from implied force, and so it has always been held under the statute of 5 Richard II and similar statutes, not only in England but by the weight of authority in this country. (See note, *Evill* v. *Conwell,* 2 Blackf. 133; 18 Am. D. 138.)   As a general rule, it may be stated that to render an entry forcible under the statute of forcible entry and detainer, it "must be accompanied with circumstances tending to excite terror in the owner and to prevent him from maintaining his rights.   There must be at least apparent violence, or some unusual weapons, or the parties attended with an unusual number of people; some menaces, or other acts giving reasonable cause to fear that the party making the forcible entry will do some bodily hurt to those in possession if they do not give up the same." (*Comw.* v. *Shattuck,* 4 Cush. 145.)   An entry which has no other force than such as is implied in every trespass, is not within the statute.   It must be accompanied with some circumstance of terror or violence to the person unless the entry is riotous or tumultuous, and endangers the public peace.

"A forcible entry," says Tomlinson, "is only such an entry as is made with strong hand, with unusual weapons, an unusual number of servants or attendants, or with menace of life or limb; for an entry which only amounts in law to a trespass is not within the statute."   The same

view is taken in *Williams* v. *Warren*, 17 Wend. 257, in which Mr. Justice COWAN, after reviewing the authorities, says: "The result seems to be, that there must be something of personal violence, or a tendency to, or threats of, personal violence, unless the entry or detainer is riotous." In *Foster* v. *Kelsey*, 36 Vt. 201; 84 Am. D. 676, it is said: "They [statutes of forcible entry and detainer] are not intended to apply to mere acts of trespass which are not accompanied with violence and do not tend to a breach of the peace. A forcible entry must be accompanied either with actual violence or with circumstances tending to excite terror and to intimidate the owner or his servants from maintaining his rights."

It is urged by defendant's counsel that the entry of plaintiff by forcing open the outer door of the dwelling-house was of itself a forcible entry within the statute. Indeed, he must so contend, for all the other acts of plaintiff in making the entry were put to the jury, and by them found to have been peaceable and orderly, but the court told the jury that "opening the door of the house and entering the same, and removing the goods of defendant from the house in a careful and peaceable manner, would not be unlawful force"; and the correctness of this instruction is the controlling question here. This must depend upon the manner in which it was done, and the circumstances of force and violence accompanying it. The entry by the owner, who is entitled to the immediate possession, by the mere act of breaking a door of his own property, during the absence of a wrongful occupant, unaccompanied by any circumstances of force or violence, would in no way tend to a breach of the peace, or come within the evils to be prevented by the statute. If, however, it be done with a multitude of people, or in a riotous or tumultuous manner, or with circumstances of force or terror, or in such a manner as to indicate a determination to take and hold possession by force, threats, intimidation, or violence at all hazards, under some of the authorities hereafter noted, a jury would be warranted in finding the entry forcible; but where none

of these exist, it would only amount at most to a trespass, even if no entry were given by law.

"I think it a fair deduction from all the authorities," says Mr. Justice COWAN, in *Williams* v. *Warren, supra*, "that there must be circumstances of force or terror in respect to the person. These may come in a variety of ways. It may be left to the jury on the great number of persons, which is one way to frighten (Dalt. Country Justice, 417 Ch. 126); or, if one person come with weapons or violence or threatenings. And of this a great variety of illustrations is put (*Id*. 417, 418, *et seq.*) And the breaking of the dwelling-house in Rolle, I take to be only one illustration, for such naturally inspires terror. And yet if terror were impossible, and great and unusual force were out of the way, or there was none of either which could respect the person, it must stand like a common trespass."

As a result of the authorities, under statutes like ours, it may be stated that to make any entry forcible, there must be such acts of violence used, or threatened, as give reason to apprehend personal danger in standing in defense of the possession. If there be no more force used than is implied in every trespass, with nothing to excite fear of personal violence, the case is not within the statute; and therefore the forcing open the outer door of the dwelling-house, in a peaceable manner, as stated in the instruction, was not of itself sufficient to constitute a forcible entry within the meaning of the statute. (2 Taylor, Land. & Ten. § 784; 2 Woodfall Land. & Ten. 787, note, 845; *Frazer* v. *Hanlon*, 5 Cal. 156; *Comw* v. *Dudley*, 10 Mass. 403; *Gray* v. *Finch*, 23 Conn. 495; *Hendrickson* v. *Hendrickson*, 12 N. J. L. 202; *Penn* v. *Robinson*, Add. 14-41; *Ft. Dearborn Lodge* v. *Klein*, 115 Ill. 177; 56 Am. Rep. 133; *Shaw* v. *Hoffman*, 25 Mich. 162; *Stearns* v. *Sampson*, 59 Me. 568.)

The dwelling-house was the property of plaintiff, to the immediate possession of which he was entitled; and the forcing open the outer door after he had peaceably entered upon the premises, was simply an act of mechanical force

he was obliged to resort to in order to make his entry complete; or, in the words of the record, "in order to obtain entrance to said dwelling-house it became necessary for him to force open an outer door thereof, which he did." It was only a physical injury to his own property, of which the defendant or the public had no right to complain so long as it was done in a peaceable manner, and not in a riotous and tumultous manner.

A more particular reference to some of the cases will illustrate the rule and its application by the courts. In *Pike* v. *Witt*, 104 Mass. 598, the defendants, with a person employed by them as a workman, went to the premises, owned by them, but occupied by plaintiff, the doors of which were fastened by an iron clasp and padlock, and demanded the key of plaintiff's servant, who was at the premises at the time, the plaintiff not being present, and on his refusal to deliver the key, ordered their workman to enter the premises through a hole in the floor, and with the aid of an ax, which they brought with them, they removed the padlock, entered and kept possession, and it was held that this was not a forcible entry within the meaning of the statute, the court saying the removal of the padlock or bolt "amounted merely to mechanical force, applied against the consent of plaintiff's agent, but not tending to alarm him or excite apprehension of bodily harm."

And again, in *Wood* v. *Phillips*, 43 N. Y. 152, the plaintiff and defendant were tenants in common of certain real estate, which was in the exclusive possession of defendant. On demand made by plaintiff, the defendant refused to give her possession, whereupon she got into the house through the window, when the house was locked up and unoccupied, took off the locks and put them on so as to fasten the doors on the inside. She then commenced to occupy it, stayed there through the day, took her meals there, and received her friends there. On the evening of the same day, the defendant and other persons went to the house,

broke open the door forcibly, and plaintiff refusing to leave the premises, they took hold of her and put her out. In an action for assault and battery for putting her out, the court held that her possession thus acquired was a peaceable and lawful one, the court through FOLGER, J., saying: "She [Mrs. King] had the right of possession, and had the right to acquire it in a peaceable manner. (*Hyatt* v. *Wood*, 4 Johns. 150-8; 4 Am. Dec. 258.) She did acquire possession by stealth, it is true, but it was without tumult or breach of the peace, and in a peaceable manner, in a way which the law justifies. (*Id. McDougall* v. *Sitcher*, 1 Johns. 42; 2 Archbold Cr. Pr. & Pl. 337, 7 Am. Ed.)" Again, on page 158, speaking of her liability under the forcible entry and detainer act, he proceeds: "Now, we have already stated, that the entry of plaintiff was, in the eye of the law, an orderly one. Those authorities, then, which hold that proceedings for forcible entry and detainer will lie against the legal owner, come short of upholding the position that the plaintiff being the legal owner, and having the right of possession, had not the right by her own act to acquire possession in an orderly and peaceable way. (*Willard* v. *Warren*, 17 Wend. 257.)"

So in *Mussey* v. *Scott*, 32 Vt. 82, the plaintiff having the right of possession of a house occupied by the defendant, while the defendant was temporarily absent for the day only, having fastened the house upon leaving, entered the premises by forcing open the door and placed defendant's furniture in the street and fastened up the house again and left it. The defendant on returning forced open the door and reëntered and occupied the premises. It was held that plaintiff's entry was the exercise of a legal right in a legal manner, and that he could maintain trespass *quare clausum* against the defendant for his subsequent entry. The court speaking through BENNETT, J., says: "He [defendant] had gone away and left no one in possession, and the house *de facto* was vacant at the time the entry was made, and the entry was made by forcing open the door jo the house which the defendant had fastened when he left

the house in the morning, and there is no pretense that it was made in a riotous and tumultuous manner, or in such way as would even tend to a breach of the peace. It does seem to us that in this case a legal right was exercised in a legal manner. The plaintiff owning the property, and having a right to enter, might if he chose force open the door, and it was not for the defendant to complain of the act. It may be said the defendant only left the house for a temporary purpose with a view to return. That no doubt is true, and that must always be the case. If the possession had been abandoned, no question could ever arise of the kind in such cases."

And in *Todd* v. *Jackson*, 2 Dutch. 525, it was held that where a tenancy has expired, the landlord may take possession of the premises by any means short of personal violence. "I am willing to lay down the law to be," says the Chancellor on page 532, "that the landlord may take possession by any means short of personal violence; that he may break into the dwelling-house for the purpose, because no one ought to complain of him for such an injury done to his own property; that he may remove the goods which he finds there because they are an unlawful encroachment upon his rights; that once in possession, he may protect that possession, as well against the individual who, in violation of his contract, has attempted to wrong him, as against a stranger who intrudes upon his possession."

From these and other authorities that might be noted, we think it clear that plaintiff's entry was not forcible within the meaning of the statute. He had the title and right to the immediate possession, and as against him the defendant did not even have the right of occupancy. He entered in a quiet and peaceable manner in the day-time, without force or violence, and without in any way tending to a breach of the peace, and having so entered, he could force the door open if he chose and no one could complain, certainly if it were not done in a riotous or tumultuous manner.

We have not disregarded or overlooked the cases to which

we have been cited by defendant's counsel. One class of them, such. as *Ainsworth* v. *Barry*, 35 Wis. 136; *Steinlein* v. *Halstead*, 42 Wis. 422; *Warren* v. *Kelly*, 17 Tex. 544, and *Holmes* v. *Holloway*, 21 Tex. 658, is to the effect that the jury may find the entry to be forcible, when made with strong hand, or with multitude of people, or in a riotous manner, even in the absence of the occupant, and with no personal violence or intimidation toward him. It is manifest that these do not apply here; for plaintiff's entry was not made in any such a way; and besides, the question was submitted to the jury and they found that plaintiff entered in a peaceable and orderly manner.

Another class of cases cited, such as *Chiles* v. *Stephens*, 3 A. K. Marsh. 340, and *Brumfield* v. *Reynolds*, 4 Bibb, 388, which seem to have been followed in *Davidson* v. *Phillips*, 9 Yerg. 92; 30 Am. D. 393; *Krevet* v. *Meyer*, 24 Mo. 107, and *Greeley* v. *Spratt*, 19 Fla. 644, were made under statutes, which by an extension of the provisions of the original statutes of forcible entry and detainer, have forbidden peaceable entries, if against the will of the occupants, and under which restitution will be granted, even to a wrongful occupant, as against an owner entitled to possession, though the latter use no actual force in gaining the possession. (2 Woodfall Land & Ten. 787.) These authorities can have no application under our statute, which only forbids an entry with force, and authorizes one made in a peaceable manner.

*Mason* v. *Powell*, 38 N. J. L. 576, was decided under a statute providing that any entry "with force or strong hand, or with weapons, or by breaking open the doors, windows, or other parts of a house, whether any person be in it or not," is a forcible entry, and therefore is not in point here. What was said by the Chief Justice about the rule at common law was unnecessary to the decision of the case, and its correctness has been questioned. See Mr. Justice COWAN's opinion, in *Williams* v. *Warren, supra*.

The case of *Allen* v. *Tobias*, 77 Ill. 169, holding that the breaking down and destroying a fence enclosing a vacant

lot, under claim of ownership, was a forcible entry, is very much shaken by what was said by MULKEY, C. J., in *Dearborn Lodge* v. *Klein, supra,* 191, to wit: "A person not having a right to enter is forbidden to do so. . One having such right may enter, provided he do so without force and in a peaceable manner. The word force as here used means actual force, as contradistinguished from implied force." And again on page 192: "A peaceable entry in such case [ by the owner ] as completely defeats the possession and seisin of the occupant as if put in possession by a suit at law. In either case the possession of the occupant is determined; and if he do not at once vacate the premises, the owner being now in possession, may himself maintain an action of trespass against the tortious occupant, but the owner is not authorized to assault him or forcibly eject him."

The length this opinion has already attained forbids a particular notice of the other authorities cited, but we have carefully examined each of them and think they are not in point here. The argument that plaintiff cannot maintain an action of forcible entry and detainer, without first giving the notice to quit provided in section 3519, Hill's Code, overlooks the fact that this action is not founded on the constructive force mentioned in the statute, but upon actual force in expelling plaintiff from the possession of the premises acquired in a peaceable and lawful manner.

The judgment is affirmed.