## STEIL v. DESSMORE.

(Third Division. Fairbanks. October 24, 1907.)

1. STATUTES (§ 226*)—ADOPTION OF FOREIGN STATUTE—CONSTRUC-TION.

Congress borrowed the Alaska law of forcible entry and detainer from Oregon. The adoption by Congress of a state statute includes the adoption of the construction previously given to it. A statute taken from another state will be presumed to be taken with the meaning it had there.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 307; Dec. Dig. § 226.*]

2. FORCIBLE ENTRY AND DETAINER (§ 4*)—ELEMENTS.

Plaintiff entered upon Heine's homestead and claimed a block of ground therein. He leased lots, upon which houses were erected, leaving another portion of the ground unoccupied, but

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

surrounded with posts with a round pole on top. The defendant entered peaceably with the consent of Heine, and it was not shown that he removed the rail to enter. He built a house and occupied it. Plaintiff's attorney and wife came near, and ordered defendant to vacate the premises, and the attorney and defendant quarreled, and defendant announced his intention to retain possession by force. *Held*, that the entry was peaceable and lawful, that the detainer was not unlawful, and that plaintiff's remedy was in ejectment.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 5–28; Dec. Dig. § 4.*]

3. Forcible Entry and Detainer (§ 7*)—Civil Liability—Grounds.

Before the plaintiff can recover the possession of real property in forcible entry and unlawful detainer under the Alaska statute, he must show by his evidence (1) that the defendant retains the premises by force, (2) and unlawfully, and (3) that the plaintiff is entitled to the possession thereof. Where the defendant's entry was peaceable and without force under claim of adverse title, the summary process of forcible entry and unlawful detainer will not lie.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. § 1; Dec. Dig. § 7.*]

Plaintiff entered upon the homestead of one Heine, adjoining the town of Fairbanks, and took peaceable possession of a square block of ground thereon. He claimed the right to hold the same as public land, and leased portions thereof to other persons, who erected cabins and severally occupied separate lots with defined boundaries. The remainder of the tract was unoccupied, except as it was a portion of Heine's homestead and was occupied by him, and except as it was inclosed by Steil by posts set in the ground with a round pole nailed on top from post to post. The defendant, Dessmore, with the consent and connivance of Heine, entered upon this unoccupied portion at a point where the rail was off, built a house, and resided therein. His entry was without any display of force, and

---

*See same topic & § number in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

the evidence does not show that he ever removed the rail to enter. While the defendant was in possession, and prior to bringing this action, plaintiff's wife and his attorney went to the front of the premises and ordered Dessmore to leave. A quarrel ensued between the attorney and defendant; the latter saying, in response to the attorney's threat to have him removed, that it would require all the plaintiff's friends to do it. Some other harsh expressions passed between them, but no blows were struck, and the defendant refused to vacate. Plaintiff brought an action of forcible entry and detainer in the justice court to recover possession of the premises. At the conclusion of plaintiff's testimony defendant's attorney moved the court to instruct the jury to return a verdict for the defendant, because the evidence offered was not sufficient to justify a verdict for the plaintiff.

H. J. Miller, for plaintiff.

Heilig & Tozier, for defendant.

WICKERSHAM, District Judge.   By the seventh section of "An act providing a civil government for Alaska," approved May 17, 1884 (23 Stat. 24, c. 53), it was provided:

"That the general laws of the state of Oregon now in force are hereby declared to be the law in said district, so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States."

The forcible entry and detainer statutes of Oregon were extended to Alaska by that provision. These general laws of Oregon continued in force in Alaska until June 6, 1900, when Congress passed the present Alaska Civil Code. 31 Stat. 321, c. 786.

A careful comparison of the statutes of forcible entry and detainer found in the general laws of Oregon, extended to and in force in Alaska from 1884 to 1900, with the statutes of forcible entry and detainer found in the Alaska Civil Code

of June 6, 1900, shows them to be identical in phraseology. Congress borrowed the Alaska law of forcible entry and detainer from Oregon. The adoption by Congress of a state statute includes the adoption of the construction previously given to it. Willis v. Eastern Trust Co., 169 U. S. 295, 18 Sup. Ct. 347, 42 L. Ed. 752. A statute taken from another state will be presumed to be taken with the meaning it had there. Henrietta Min. Co. v. Gardner, 173 U. S. 123, 19 Sup. Ct. 327, 43 L. Ed. 637; Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819. When Congress in 1900 adopted the Oregon forcible entry and detainer statute, it necessarily adopted with it the construction which the Supreme Court of that state had given to it to that date. Robinson & Co. v. Belt, 187 U. S. 41, 23 Sup. Ct. 16, 47 L. Ed. 65.

Section 1015 of the Code of Civil Procedure of Alaska, being identical with the Oregon section, provides:

"Sec. 1015. No person shall enter upon any land, tenement, or other real property, but in cases where entry is given by law; and in such cases the entry shall not be made with force, but only in a peaceable manner."

In this case the defendant claims to have entered upon the lot in controversy by permission of Heine, the homestead entryman, who had actual and peaceable possession of the whole tract, embracing the Steil block and the Dessmore lot. If so, and the entry was not made with force, but in a peaceable manner, it was an entry given by law. On the other hand, the plaintiff claims that the Steil block was a portion of the public domain. If so, and no one was in actual possession thereof, and the entry was without force, but in a peaceable manner and for the purpose of settlement, it was an entry given by law.

Section 1016 of the Alaska Code, being identical with the Oregon section, provides:

"Sec. 1016. When a forcible entry shall be made upon any premises, or when an entry shall be made in a peaceable manner and the

possession shall be held by force, the person entitled to the premises may maintain an action to recover the possession thereof before the commissioner of the precinct in which such real property is situated."

The real inquiry upon this motion to direct a verdict for defendant is whether there is any evidence to submit to the jury that there was either a forcible entry upon the premises by Dessmore or a forcible detainer thereof by him. There is evidence of an entry and a detainer; but is there any evidence of force to go to the jury? If not, the court must direct a verdict for the defendant.

The Supreme Court of Oregon considered this very question, on construction of these sections prior to their adoption by Congress for Alaska, and held:

"As to where an entry is made with force, within the meaning of this statute, there is much apparent conflict in the authorities. But the divergence of views sometimes expressed is doubtless in part owing to the different phraseology of the statutes under which the cases have arisen, and the conflict is more apparent than real. It is agreed that the object of the statute is not to punish for a mere trespass upon land. In substance, our statute is the same as the original forcible entry and detainer act of 5 Rich. II, after which the statutes in most of the states are modeled; the words 'not with force,' with force and 'not with strong hand or with multitude of people,' in substance meaning the same thing. The proceedings under the statute were originally in their nature criminal, for the redress of a wrong to the public done by a breach of the peace. It was not designed or intended to confer rights. While, through gradual additions, the remedy has become in effect private as well as public, its main design still is to prevent breaches of the peace. In actions under the statute there must still be present, to secure conviction, proof of some wrong done to the public. The process was originally what the expression (taking the word 'forcibly' in its technical meaning) meant—a process for the recovery of lands entered or detained by such force as to constitute a breach of the peace. It 'was authorized only where the entry or holding was by force or violence, or threats of violence, sufficient to deter the owner from entering.' Kent, J., in Dunning v. Finson, 46 Me. 550. The word 'force,' when

used in the statute, means actual force, as contradistinguished from implied force; and so it has always been held under the statute of 5 Rich. II and similar statutes, not only in England, but by the weight of authority in this country. See note to Evil v. Conwell, 18 Am. Dec. 138. As a general rule it may be stated that, to render an entry forcible under the statute of forcible entry and detainer, it 'must be accompanied with circumstances tending to excite terror in the owner, and to prevent him from maintaining his rights. There must be at least apparent violence, or some unusual weapons, or the parties attended with an unusual number of people; some menaces or other acts giving reasonable cause to fear that the party making the forcible entry will do some bodily hurt to those in possession if they do not give up the same. Com. v. Shattuck, 4 Cush. [Mass.] 145. An entry which has no other force than such as is implied in every trespass is not within the statute. It must be accompanied with some circumstances of terror or violence to the person, unless the entry is riotous or tumultuous, and endangers the public peace. * * * As a result of the authorities under statutes like ours, it may be stated that, to make an entry forcible, there must be such acts of violence used or threatened as give reason to apprehend personal danger in standing in defense of the possession. If there is no more force used than is implied in every trespass, with nothing to excite fear of personal violence, the case is not within the statute." Smith v. Reeder, 21 Or. 541, 28 Pac. 890, 15 L. R. A. 172.

This statement of the law impresses me as conclusive. Then, too, it is the opinion of the Supreme Court of Oregon, made in 1892, prior to the adoption of the statute by Congress, and this court, under the rule, ought to accept and be guided by it. Under this view of the law there is no evidence before the court or jury of a forcible entry by Dessmore. His entry was made in the absence of the plaintiff, or any one representing him, upon land not in the actual possession of the plaintiff, or his lessee or agent, but with the consent of the homestead entryman, who had actual possession by residence on his homestead which embraced the lot entered upon. There is no evidence that more force was used, against plaintiff's rights, than is implied in the merest trespass. There is no evidence of a forcible entry to submit to the jury.

It is urged, however, that there is evidence of a forcible and unlawful detainer sufficient to go to the jury. The substance of that branch of the testimony is that some time after the defendant had entered and erected his house, and while he was occupying it, the wife of plaintiff, accompanied by his attorney, went near the house and orally ordered the defendant to vacate the premises. He refused, and angry words passed between them; the defendant saying in effect that plaintiff would need all his friends to eject him. There is evidence of a detainer by defendant; but the question is whether there is any evidence of an unlawful and forcible detainer which would support a verdict for the plaintiff? Section 1016 provides that, when "an entry shall be made in a peaceable manner and the possession shall be held by force, the person entitled to the possession thereof," etc. Before the plaintiff can recover for forcible and unlawful detainer under our statute, he must show by his evidence (1) that the defendant retains the premises by force, (2) and unlawfully, and (3) that the plaintiff is entitled to the possession thereof. Even this statement of the law needs shading, for it was not intended by Congress to substitute the summary proceeding of unlawful detainer for the action of ejectment. Chapter 32, §§ 301–316, Alaska Code of Civil Procedure; Taylor v. Scott, 10 Or. 483, 487.

"Neither is the action of unlawful detainer and that of ejectment the same action, or the same kind of action, either in substance or in form. The first is by a person who claims the possession only of the real property, and who founds his right to recover the possession solely upon a prior possession, constructive or actual, in himself or grantor, and against a person who cannot, or who has not the right to, set up any right of possession as against the plaintiff, and no question of title or estate can be litigated in the case; while the second action is to recover an estate, legal or equitable, in the real property, with the title and the incidental right of possession; and the two cases must be brought in different forms, and presented to the courts by very dissimilar pleadings." Buettinger v. Hurley, 34 Kan. 585, 9 Pac. 197.

Ejectment is brought to try the merits of the title. The legal title and the right of possession must prevail. But section 1030 of the forcible entry and detainer act provides that in "an action to recover the possession of any land, tenement, or other real property, where the entry is forcible or when the possession thereof is unlawfully held by force the merits of the title shall not be inquired into." One who enters peaceably, under claim of adverse title, cannot be removed by the summary process of forcible entry. He may hold by force, and may not be removed for forcible detainer; for he has a right to try his title in ejectment. Section 1025 of the forcible entry and detainer act suggests the character of the detainer which the statute was intended to prevent—where the tenant refuses to pay rent, or vacate on written notice, or forcibly holds over after the termination of his lease or contract, or forcibly holds without claim of right.

The evidence is undisputed that the defendant entered peaceably and without force, with the consent and under the title of a prior claimant, the homestead entryman. He entered under an adverse claim of title, and without admitting the title or possession of the plaintiff. Under such facts he cannot be summarily removed by the forcible entry and detainer act, but is entitled to have his title tried at law. Conroy v. Duane, 45 Cal. 597. Even admitting that this quarrel with the plaintiff's wife and attorney, and their oral notice to quit, was a forcible detainer, the same result must follow, because the facts do not then show the detainer to have been unlawful. The evidence offered by the plaintiff shows without dispute that the entry of defendant was peaceable, under adverse title, and that his detainer was not unlawful; and it is not sufficient to justify the jury to return a verdict for the plaintiff. It is the duty of the court to direct a verdict for the defendant.

Verdict accordingly.