**BEDROSIAN v. WONG KOK CHUNG et al.**
**No. 99.**

Municipal Court of Appeals for the
District of Columbia.
Sept. 17, 1943.

Phillip W. Austin, of Washington, D. C.,
for appellant.

Carl H. Willingham, of Washington, D.
C. (Donald S. Caruthers and Edison W.
Mollohan, Jr., both of Washington, D. C.,
on the brief), for appellees.

Before RICHARDSON, Chief Judge,
and CAYTON and HOOD, Associate
Judges.

RICHARDSON, Chief Judge.

Action of forcible entry and detainer
was brought by appellant under Section
11—735, Code of 1940, for possession of
premises which the complaint states were
forcibly and unlawfully entered and have
since been unlawfully and forcibly detained
by appellees.

In October, 1942, appellee Wong Kok
Chung, purchased a building then under
lease to appellant. The latter had sublet
the basement store to one Westley; the
rest of the building was occupied by
lodgers.

In December, 1942, appellee Wong, de-
siring to rent the basement store, sent one
William Lee to appellant.

Lee testified that appellant said to him
that he did not think Westley would move
out, but if he did it would be satisfactory
for Wong to have the basement upon the
same terms; that he then went to Westley
who agreed to move if he were paid the
sum of $150. The witness obtained this
amount from Wong and paid it to Westley.
The latter then moved and delivered a key
to witness, whereupon Wong took posses-
sion and is using the basement as a store
for the sale of imported goods; the rear
portion as sleeping quarters for employees.

Appellant admitted that the interview
occurred but denied that he made an agree-
ment to rent the basement to Wong. He

testified that after Westley had moved he received back from him a key to an inside door connecting with the first floor; that he went down the steps to the basement and two Chinese "grabbed hold of his coat".

On this evidence the trial court found that there was an agreement between appellant and Wong's representative to rent the store upon the terms applicable to the former tenant, and entered judgment for appellees.

At the commencement of the trial appellant requested the court to exclude the witnesses. This request was denied. During the progress of the trial, when appellee Wong was produced as a witness, the services of an interpreter were required. His niece was offered and permitted to act as interpreter over objection by appellant.

Appellant has assigned as error the refusal of the court to order the exclusion of witnesses; the use of an interpreter closely related to the principal appellee; and that the judgment was contrary to law and to the evidence.

■ The exclusion of witnesses was discretionary with the trial judge. It is not shown that the denial of the motion was prejudicial to appellant nor is our attention called to any circumstance indicating that this action of the trial court may have resulted to appellant's detriment. In such a situation there is no basis for review by an appellate court.[1]

■ The objection to the interpreter is untenable. In such matters a trial court must have broad discretionary powers. The appointment of a person who had testified for one of the parties in a civil action,[2] of a witness for the prosecution and of a police officer in criminal cases,[3] of the next friend of a minor plaintiff,[4] have been sustained. Here the interpreter was closely related to one of the parties, but her qualifications and her character were not questioned. Her appointment rested in the discretion of the trial court. The only witness whose testimony was given through the interpreter was the appellee Wong. He had entrusted the negotiation with appellant to his representative Lee, and his testimony had no substantial bearing upon the factual issues.

■ We find substantial evidence to justify the finding of the trial court. Lee, in his testimony, detailed the statements which he claims were made by appellant at their interview. According to the record before us he was contradicted only by appellant's denial that he made any "agreement" with Lee, a statement of a legal conclusion which might rest upon his understanding of the legal elements of an agreement. In his rebuttal testimony appellant did not specifically deny any of Lee's statements. The negotiations with Westley which immediately followed, the payment to him of $150, and the taking of possession, are circumstances tending to confirm Lee's account of the interview with appellant.

■ It is clear that appellees' entry into the premises was not forcible. Whether the retainer was with force[5] would depend upon the construction placed upon the fact that when appellant entered by a locked rear door two of appellees' employees "grabbed his coat". While they may have regarded him as a mere intruder, and there may have been no intent to hold possession against appellant by force, the point was not raised or discussed, and we have not considered it in disposing of the appeal.[6]

[1] Hood v. United States, 8 Cir., 23 F. 2d 472; Lee v. Thornton, 174 N.C. 288, 93 S.E. 788.

[2] Chicago & A. R. Co. v. Shenk, 131 Ill. 283, 23 N.E. 436.

[3] People v. Ramirez, 56 Cal. 533, 38 Am.Rep. 73; People v. Murphy, 276 Ill. 304, 114 N.E. 609.

[4] Swift v. Applebone, 23 Mich. 252.

[5] Code 1940, 11—735; Willis v. Eastern Trust &· Banking Co., 169 U.S. 295, 18 S.Ct. 347, 42 L.Ed. 752; Commonwealth v. Dudley, 1813, 10 Mass. 403; Saunders v. Robinson, 1842, 5 Metc., Mass., 343; In re Munro, D.C., 195 F. 817; Id., D.C., 197 F. 450; Fults v. Munro, 202 N.Y. 34, 95 N.E. 23, 37 L.R.A.,N.S., 600, Ann.Cas. 1912D, 870; Smith v. Reeder, 21 Or. 541, 28 P. 890, 15 L.R.A. 172; Prestage v. Hanley, 259 Mich. 97, 242 N.W. 851; Mastin v. May, 127 Minn. 93, 148 N.W. 893, Ann.Cas.1916C, 493; Barbee v. Winnsboro Granite Corporation, 190 S.C. 245, 2 S.E.2d 737.

[6] Lehker v. Joyce, 51 App.D.C. 35, 273 F. 763.