## THURSTON v. ANDERSON.
### No. 235.

Municipal Court of Appeals for the District of Columbia.

Dec. 14, 1944.

Rehearing Denied Dec. 28, 1944.

---

[8] Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854.

Philip Wagshal, of Washington, D. C., for appellant.

George E. C. Hayes, of Washington, D. C. (Cobb, Howard & Hayes, of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

The adversary parties are respectively vendor and purchaser under a contract of sale of the real estate involved. A dispute arose as to the construction of the contract. The purchaser had entered into possession, and suit to regain possession was filed by Thurston, the vendor, under the statute giving the Municipal Court for the District of Columbia jurisdiction of actions of forcible entry and detainer.[1]

A motion to dismiss was denied. Because of the pendency of a suit for specific performance of the contract, brought in the District Court of the United States for the District of Columbia by Anderson, the purchaser, against the vendor, the court, on motion of the defendant, ordered the action abated. From this order the appeal was taken.

The cause of action is stated in the complaint in the following words: "The ground upon which possession is sought is that defendant, on to wit, October 15, 1942, obtained possession of the premises by fraud and has trespassed thereon and now holds them as a trespasser and although demand for the possession of the premises has been made he has refused and refuses to surrender the possession of said premises to the plaintiff who is the owner thereof. Affiant therefore says that plaintiff is entitled to judgment for possession of said property."

The jurisdiction of the Municipal Court to render judgment for possession of real estate is limited to those cases provided for in the statute, supra. Here no relationship of landlord and tenant, mortgagor and mortgagee, creditor and judgment debtor, existed. The action, if maintainable, must be one authorized by the first clause of the section.

The complaint failed to state a case within the court's jurisdiction under that clause. It alleged that the defendant obtained possession by fraud "and has trespassed thereon", and that he has refused to surrender possession. That the defendant entered by actual force or violence, or that he retained possession by force, or by menaces or other acts legally equivalent to force, was not alleged. On the contrary, the allegations negatived the employment of force in either entry or detention.

The code section, supra, was originally enacted for the District of Columbia as Section 2 of the Act of Congress of July 4, 1864. That section was adopted without change in the Revised Statutes of 1874 and with added clauses in the Codes of 1901, 1929, and 1940, our present law. These additions did not alter or affect the forcible entry and detainer provision of the original act.

This statute, as enacted and as amended, was intended to provide a summary remedy in definitely limited classes of cases; not to be a substitute for the action of ejectment. In actions brought under the first jurisdictional clause there must be actual force employed in the entry or in the retention of possession or such threats and

---

[1] Code 1940, § 11—735, provides:

"Whenever any person shall forcibly enter and detain any real property, or shall unlawfully, but without force, enter and unlawfully and forcibly detain the same; or whenever any tenant shall unlawfully detain possession of the property leased to him, after his tenancy therein has expired; or any mortgagor or grantor in a mortgage or deed of trust to secure a debt shall unlawfully detain the possession of the real property conveyed, after a sale thereof under such deed of trust or a foreclosure of the mortgage, or any person claiming under such mortgage or grantor, after the date of the mortgage or deed of trust, shall so detain the same; or a judgment debtor or any person claiming under him, since the date of the judgment, shall so detain possession of real property, after a sale thereof under an execution issued on such judgment, it shall be lawful for the municipal court, on complaint under oath, verified by the person aggrieved by said unlawful detention or by his agent or attorney, having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of the possession."

menaces of personal violence as will prevent one through fear from asserting his rights.

While this is the rule generally followed in actions of forcible entry and detainer under similar statutes[2] and cases to the contrary are few,[3] we are foreclosed from a consideration of conflicting views by a controlling decision of the Supreme Court. In Willis v. Eastern Trust & Banking Co., 169 U.S. 295, 18 S.Ct. 347, 42 L.Ed. 752, the legislative history of the Act of 1864 was explained. The act was declared to have been an adoption for this jurisdiction of the Massachusetts statute relating to actions of forcible entry and detainer. Its enactment by Congress, the court held, imported into its provisions the interpretation they had previously received in the Massachusetts courts.

In Commonwealth v. Dudley, 1813, 10 Mass. 403, and Saunders v. Robinson, 1842, 5 Metc., Mass., 343, we find the applicable interpretation of the statute.

In the Dudley case it was held: "* * * it appears that something more is intended than that force, which in judgment of law accompanies every trespass on the land of another. * * * So if A. be in possession of a house, or have a lease thereof at the will of B. and B. enters into the house and commands A. to go out and leave him in possession, and A. will not go out, this is not a forcible detainer."

And in the Saunders case, decided thirty years later, this ruling was approved. The court said: "A mere unlawful entry into lands, though it would justify the common averment of vi et armis, or force and arms, is not the forcible entry contemplated by the statute. It must be something more, either an original entry or subsequent detainer, with strong hand; and this may be by the use of actual force and violence, or by menace of force, accompanied by arms and a manifest intent to carry such threat into effect, or by a show of force, calculated to create terror and alarm, by an exhibition of arms, a display of numbers, or other means manifesting an open and visible determination forcibly to make the entry, or forcibly to resist the entry of another."

It is clear that the present case is not within the statute so construed.

■ ■ Appellant, however, seeks to maintain jurisdiction upon the theory that the action was one of trespass to real estate, cognizable under Code 1940, § 11—704. The present action was for possession. The action of trespass to real estate contemplated by Sec. 11—704 is one for damages, and that section is inapplicable.[4]

The form of the order appealed from is that defendant's motion to abate the action be granted. The motion was that the action be "abated" until final disposition of the specific performance suit. Whether it was intended that the action be abated or merely stayed we do not know, but, for the reasons we have given, we think the order should be amended to provide that the action be dismissed; and as so amended it is affirmed.

Affirmed.

---

[2] In re Munro, D.C.N.D.N.Y., 195 F. 817, 197 F. 450; Fults v. Munro, 202 N.Y. 34, 95 N.E. 23, 37 L.R.A.,N.S., 600, Ann.Cas.1912D, 870; Mastin v. May, 127 Minn. 93, 148 N.W. 893, Ann. Cas.1916C, 493; Shaw v. Hoffman, 25 Mich. 162; Prestage v. Hanley, 259 Mich. 97, 242 N.W. 851; Smith v. Reeder, 21 Or. 541, 28 P. 890, 15 L.R.A. 172; Barbee v. Winnsboro Granite Corp., 190 S.C. 245, 2 S.E.2d 737; Southern Ry. Co. v. Lima Wood & Coal Co., 156 Va. 829, 159 S.E. 69; see 26 C.J., "Forcible Entry and Detainer", § 59; 36 C. J.S. "Forcible Entry and Detainer", § 17.

[3] Harper v. Sallee, 376 Ill. 540, 34 N. E.2d 860, 135 A.L.R. 189. See references cited in Note 2.

[4] "Forcible entry and detainer is not a substitute for trespass; and the actions are not the same." Kincade v. Wah, D.C.Mun.App., 38 A.2d 112, 113.